UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
LISETTE R.,

Plaintiff, DECISION AND ORDER
1:25-CV-06807-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In February of 2015, Plaintiff Lisette R.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Ny Disability, LLC, Daniel Beger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

This case was referred to the undersigned on October 9, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 17). For the following reasons, Plaintiff's motion is due to be granted, and this case is remanded for calculation of benefits.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on February 24, 2015, alleging disability beginning January 17, 2014. (T at 123).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

On May 12, 201, ALJ Jason Mastrangelo issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (T at 47-64). The Appeals Council denied Plaintiff's request for review on January 16, 2018, and Plaintiff commenced an action seeking judicial review in the United States District Court for the Southern District of New York.

On September 10, 2019, the Honorable Gabriel W. Gorenstein issued an Opinion and Order remanding the case for further administrative proceedings. (T at 954-71). On October 2, 2020, ALJ John Carlton issued a decision denying the applications for benefits. (T at 1060-72). The

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

Appeals Council granted Plaintiff's request for review on November 28, 2022, and remanded the matter for further proceedings. (T at 1082-83).

B. ALJ's Decision

On February 7, 2024, ALJ Carlton issued a decision denying the applications for benefits. (T at 1091-1123). The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2019 (the date last insured) and had not engaged in substantial gainful activity since January 17, 2014 (the alleged onset date). (T at 1101).

The ALJ concluded that Plaintiff's bulging discs lumbar spine with radiculopathy to the lower extremities, cervical degenerative disc disease, and right wrist tendinitis were severe impairments as defined under the Act. (T at 1101).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 1103).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she cannot work on ladders, ropes, scaffolds, or on slippery/uneven surfaces;

she can only occasionally use ramps and stairs; only occasionally balance, stoop, crouch, crawl or kneel; she is limited to frequent handling with her dominant hand; and she cannot work at unprotected heights or around dangerous machinery. (T at 1103).

The ALJ concluded that Plaintiff could not perform her past relevant work as a food delivery person or cafeteria food service work. (T at 1110).

However, considering Plaintiff's age (42 years old on the alleged onset date, but changed age category while the applications were pending), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (T at 1110).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between January 17, 2014 (the alleged onset date) and February 7, 2024 (the date of his decision). (T at 1111-12).

On June 20, 2025, the Appeals Council denied Plaintiff's request for review, making ALJ Carlton's second decision the Commissioner's final decision. (T at 876-78).

### *C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on August 18, 2025. (Docket No. 1). On March 4, 2026, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 17, 18). The Commissioner interposed a brief in opposition to the motion and requesting judgment on the pleadings, on May 28, 2026. (Docket No. 20). On June 19, 2026, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 21).

## II. APPLICABLE LAW

### *A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec*., 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last

for a continuous period of not less than 12 months ....” 42 U.S.C. § 423(d)(1)(A).

A claimant’s eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a “severe impairment” which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a “severe impairment,” the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not “listed” in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision. First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed. Second, she contends that the ALJ failed to account for impairment in her ability to sustain concentration. The Court will address each argument in turn.

### *A. Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).[3]

[3] In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply

A "treating physician" is the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant] ... with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

Treating physician opinions are considered particularly probative because they "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical evidence alone or from reports of individual examinations." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).

An opinion from a treating physician is afforded controlling weight as to the nature and severity of an impairment, provided the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).

However, treating physician opinions are not always dispositive. For example, an opinion will not be afforded controlling weight if it is "not consistent with other substantial evidence in the record, such as the

---

to claims filed on or after March 27, 2017. See 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits before that date, the new regulations do not apply here.

opinions of other medical experts." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

To determine how much weight a treating physician's opinion should be given, the ALJ considers the "*Burgess* factors" identified by the Second Circuit: "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019)(following *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

The *Burgess* factors are also applied to the opinions of non-treating physicians, "with the consideration of whether the source examined the claimant or not replacing the consideration of the treatment relationship between the source and the claimant." *McGinley v. Berryhill*, No. 17 Civ. 2182, 2018 WL 4212037, at *12 (S.D.N.Y. July 30, 2018). A consultative physician's opinion may constitute substantial evidence. *See Petrie v. Astrue*, 412 F. Appx 401, 406 (2d Cir. 2011).

When the record contains competing medical opinions, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve."). The ALJ may

reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

However, it is "well-settled that 'the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion . . . . While an [ALJ] is free to … choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998)(quoting *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983) (alterations in original).

In the present case, the record contains numerous medical opinions. The Court will review those opinions and then address the ALJ's analysis.

*1. Treating Physicians*

In June of 2015, Dr. Albert Graziosa, an orthopedic surgeon, completed a physical residual capacity evaluation questionnaire. He reported that he was treating Plaintiff every 4-6 weeks. (T at 602). He diagnosed lumbar spine sprain/strain and radiculopathy. (T at 602).

Dr. Graziosa opined that Plaintiff's pain would frequently interfere with her attention and concentration. (T at 603). He believed Plaintiff could not

stand or walk for more than 2 hours in an 8-hour day; could not sit for more than 6 hours; and could not lift or carry 10 pounds. (T at 603-604). Dr. Graziosa further concluded that Plaintiff could never kneel, crouch, or crawl. (T at 605).

Dr. Graziosa completed another questionnaire in March of 2017, in which he made essentially the same findings. (T at 853-56).

In June of 2015, Dr. Ariq Rabadi, a treating chiropractor, completed an evaluation in which he diagnosed Plaintiff with lumbar subluxation and lumbar disc displacement. (T at 590). He reported that prolonged sitting and standing aggravated Plaintiff's pain. (T at 590). Dr. Rabadi opined that Plaintiff could not lift over 10 pounds and could perform no repetitive or prolonged bending, standing, sitting, twisting or reaching overhead. (T 590).

In January of 2017, Dr. Rabadi wrote another evaluation that essentially mirrored the findings and conclusions stated in his earlier report. (T at 834-35).

Dr. Rabadi completed an RFC questionnaire in April of 2017, which assessed the same limitations. (T at 857-60).

In March of 2017, Dr. Pradip Joshi, a podiatrist, completed an RFC questionnaire. He reported treating Plaintiff since January of 2017 and

diagnosed plantar fasciitis in both feet. (T at 840). Dr. Joshi opined that Plaintiff's pain would frequently interfere with her attention and concentration. (T at 841). He believed she could not stand or walk for 2 hours in an 8-hour workday and was limited to sitting less than 6 hours. (T at 842).

*2. Examining Physicians*

In February of 2015, Dr. Lisa Nason performed an independent orthopedic evaluation in connection with Plaintiff's workers' compensation benefits claim. Dr. Nason opined that Plaintiff could return to work without restrictions. (T at 775). Dr. Steven Renzoni, another independent examiner, reached the same conclusion in March of 2016. (T at 1552).

Dr. Syeda Asad performed a consultative examination in March of 2015. Dr. Asad diagnosed lower back pain due to disc herniation at L4-L5 and disc bulge at L5-S1; right wrist sprain/strain; high blood pressure; and urticaria. (T at 541). Dr. Asad assessed mild limitation in Plaintiff's ability to squat and kneel and mild to moderate impairment as to heavy lifting and carrying. (T at 542).

Dr. John Fkiaras performed a consultative examination in April of 2018. He diagnosed low back pain, bilateral heel spurs, bilateral foot pain, and hypertension. (T at 1709). Dr. Fkiaras opined that Plaintiff had mild to

moderate limitation with respect to walking; moderate limitation in climbing stairs; marked impairment with respect to repetitive heavy lifting, carrying, pushing, pulling, squatting, and bending; and moderate limitation with respect to prolonged standing and sitting. (T at 1709).

*2. Non-Examining State Agency Review Physician*

Dr. S. Padmaraju reviewed the record in May of 2018 and opined that Plaintiff could occasionally lift or carry 20 pounds; frequently lift or carry 10 pounds; stand or walk for a total of about 6 hours in an 8-hour workday; sit for a total of about 6 hours in an 8-hour workday; had no limitation with respect to pushing or pulling; and could frequently kneel, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds. (T at 936-37, 947-48).

*3. ALJ's Analysis*

As noted above, the ALJ concluded that Plaintiff retained the RFC to meet the physical demands of a range of light work. (T at 1103).

In reaching this conclusion, the ALJ gave partial weight to Dr. Graziosa's January 2017 opinion and no weight to his March 2017 assessment; partial weight to Dr. Nason's evaluation; no weight to Dr. Joshi's opinion; little weight to Dr. Radadi's opinion; partial weight to Dr. Renzoni's evaluation; and partial weight to Dr. Asad's assessment. (T at 1107-09).

For the reasons that follow, the Court finds that the ALJ's assessment of the medical opinion evidence cannot be sustained.

As a threshold matter, although some courts in this Circuit have found that moderate limitations are not *per se* inconsistent with the ability to perform light work, *see, e.g., Jordan v. Comm'r of Soc. Sec*., No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018), it is well-settled that ALJs must exercise caution when concluding that a claimant can meet the demanding physical requirements of light work, particularly where (as here), there is conflicting opinion evidence and the ALJ did not perform a function-by-function assessment. *See O'Connor v. Berryhill*, No. CV-164395-ADS-GRB, 2018 WL 6161350, at *12 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, 2018 WL 4853051 (E.D.N.Y. Sept. 28, 2018)(ALJ could not rely on undefined assessment of "mild to moderate" limitation to support conclusion that claimant could perform light work); *see also Malone v. Comm'r of Soc. Sec.,* No. 08–CV–1249 GLS/VEB, 2011 WL 817448m, at *10 (N.D.N.Y. Jan.18, 2011) ("At a minimum, an assessment of moderate limitation suggests a possibility that prolonged standing might pose a problem.").

Here, the ALJ concluded that Plaintiff could meet the standing, walking, and sitting demands of light work without limitation, even though

the uniform assessment of three treating physicians was to the contrary. *See Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir.2009) ("The full range of light work requires intermittently standing or walking for a total of approximately 6 hours of an 8–hour workday, with sitting occurring intermittently during the remaining time.").

In making this finding, the ALJ considered each of the treating provider's opinions separately, finding them contradicted by his lay reading of the record, without considering the significance of the consistency of the assessments *with each other*. This was error. *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020)("Moreover, the ALJ should have considered that the opinions of Stephens and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7 (N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023)(collecting cases holding that "the ALJ is obligated to discuss the consistency of a medical opinion with the other evidence in the record, which necessarily includes other medical opinions").

In addition, the ALJ failed to adequately address Dr. Fkiaras's opinion. Although the ALJ discussed Dr. Fkiaras's assessment, concluding

that the consultative examiner's clinical findings suggested minimal limitation in Plaintiff's ability to stand and walk (T at 1107), the ALJ failed to address Dr. Fkiarias's conclusion that Plaintiff had moderate limitation with respect to prolonged standing and sitting. (T 1709). This assessment provides further support for the treating providers' opinions and further undermines the ALJ's determination. *See Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014)("Dr. Balderman's report is not the clean bill of health that the ALJ suggests it is. Indeed, even Dr. Balderman … found that Carroll suffered from moderate limitations in prolonged sitting and standing. This is not necessarily compatible with an ability to perform light work, as defined by the regulations.").

Third, the ALJ placed undue emphasis on his lay reading of the record, particularly given the uniform assessment of all three treating providers, supported by a consultative examination, and consistent with a record documenting pain, tenderness, and limited range of motion. (T at 402-09, 412-16, 419-20, 423-26, 445-46, 450-53, 501-04, 519-20, 545-68, 569-73, 589-90, 601, 669, 710, 714, 776, 780, 784, 787, 795, 799, 807, 874, 1109, 1526, 1539-40, 1933-39). *See Nunez v. Kijakazi*, No. 1:20-CV-05907, 2022 WL 2872666, at *2 (E.D.N.Y. July 21, 2022)("The ALJ can neither substitute her own opinion for the experts, nor cherry-pick the facts

to support her conclusion."); *see also Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999); *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) ("[The ALJ] cannot pick and choose evidence that supports a particular conclusion.")(citing *Fiorello v. Heckler*, 725 F.2d 174, 175-76 (2d Cir. 1983)).

Lastly, the ALJ erred by discounting Dr. Graziosa's assessments as internally inconsistent and "somewhat unclear" (T at 1108) without re-contacting the treating physician for clarification. *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified.").

*B. Ability to Remain on Task*

The ALJ found no limitation in Plaintiff's ability to concentrate, persist, or maintain pace. (T at 1102). As noted above, however, both Dr. Graziosa and Dr. Joshi believed Plaintiff's pain would frequently or often interfere with her attention and concentration. (T at 603, 841, 854). The ALJ's errors in weighing the medical opinion evidence undermine his assessment of Plaintiff's ability to concentrate over the course of a typical workday. In

addition, the ALJ did not address the treating providers' assessment of impairment in Plaintiff's concentration, which was also error. *See Nunez v. Comm'r of Soc. Sec.*, 160 F.4th 60, 74 (2d Cir. 2025)(remanding because the ALJ "made an RFC determination that failed to address [the claimant's] ability to attend work and stay on task").

*C. Remand*

A court reviewing the denial of benefits may, in its discretion, remand a claim for further proceedings, or solely for the calculation of benefits. 42 U.S.C. § 405(g) (sentence four) (a reviewing court may enter, upon the pleadings and the administrative record, "a judgment affirming, modifying, or reversing the decision of the Commissioner ... with or without remanding the cause for a rehearing").

Where the record is complete and contains persuasive proof of disability, "no purpose would be served" by additional administrative proceedings and remand for calculation of benefits is warranted. *Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir.2000).

Here, the record is extensive and complete and contains persuasive proof of disabling pain and limitation, as evidenced by multiple medical opinions from providers with the opportunity to observe, examine, and treat Plaintiff.

The Commissioner does not articulate any purpose that would be served by further administrative proceedings and this Court finds none.

Moreover, Plaintiff applied for benefits nearly *12 years* ago; the matter was twice remanded for further administrative proceedings; there were three administrative hearings; and three decisions from two ALJs.

A remand for calculation of benefits is, therefore, the appropriate remedy. *See Carlantone v. Colvin*, No. 14-CV-8204 (DF), 2015 WL 9462956, at *14 (S.D.N.Y. Dec. 17, 2015)("In particular, courts in this Circuit have determined that, where one or more ALJs in a case have repeatedly erred in applying the treating physician rule, remand for further development of the record is unwarranted.")(collecting cases); *see also Jeremy B. v. Comm'r of Soc. Sec.*, No. 2:18-CV-159-JMC, 2019 WL 3297471, at *10 (D. Vt. July 23, 2019) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.")(quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004));

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 17) is GRANTED and this case is REMANDED for calculation of benefits. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: October 18, 2026

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge